*SPENCER'S SYNDICS vs. LEE, WALTON AND CO.*

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

A party is excluded from being a witness, on the ground of interest, and when that interest ceases the objection is removed.

Though a witness may from the face of the record appear *prima facie* interested, he should not be rejected without enabling him to explain his situation, by being questioned on his *voir dire.*

The syndics of the estate of Spencer instituted suit against the defendants, to make them disgorge various moneys and property, which they obtained from the insolvent when in failing circumstances, to the fraud of other creditors.

The plaintiffs offered one Frost, to prove that the defendants had admitted, in his presence, their knowledge of the insolvency at the time the moneys and property were received. The defendants objected to Frost, as he was a creditor to the estate, and, therefore, party to the suit. The plaintiff then offered a receipt by Frost of his dividends, and a release of all further demands on the estate. Defendants excepted, and the court sustained them. There was judgment for defendants, and plaintiffs appealed.

*Maybin* and *Dennis* for appellant.

*Preston* and *Conrad,* for appellee.

*Porter, J.* delivered the opinion of the court.

This is an action to annul certain transactions between the insolvent and the defendants, on the allegation that they were in fraud of his creditors. On the trial the plaintiffs offered a witness, who was objected to as being a creditor of the estate, and interested in the event of the suit: whereupon

they presented an instrument, which the witness had executed, acknowledging the payment of certain dividends, and releasing the estate from all claims he might have on it.

Eastern District,
June 1831.

SPENCER'S SYN-
DICS
vs.
LEE ET AL

The court was of opinion that "the witness, as one of the creditors, having been a party to the suit, had not legally ceased to be so, in both the nature and circumstances of the case;" and rejected his testimony.

A party to a suit is excluded from testifying, on the ground of interest, and when that interest ceases, the objection is removed. Where the witness is not nominally a plaintiff or defendant, as was the case in this instance, his competency is free from all technical difficulty, and rests solely on the ground just stated; and the moment he ceased to be a creditor, he ceased being a party to the action, and had no interest in the event of the suit. We see no reason why a witness so circumstanced should not be permitted to testify, and we think the court erred in rejecting him.

*A party is excluded from being a witness on the ground of interest and when that interest ceases the objection is removed.*

It has been argued in this court that the discharge given by the witness was fictitious, and that in truth no dividends had been made, nor moneys received by him such as the receipt speaks of. The evidence shews that regular dividends had not been declared, but the syndics may have paid money out of the regular course, to render the witness competent, and if such was the fact, it might furnish ground for receiving his testimony with caution, but did not disqualify him from testifying.

A satisfactory explanation, however, might have been given of the real situation of the witness, had the court permitted the plaintiffs to question him on his *vour dire.* They offered to do so, but were refused the permission; and in that refusal we think the judge erred. Though a witness may, from the face of the record, appear *prima facie* interested, he should not be rejected without enabling him to explain his situation.—*Starkie on Evidence, p. 4, p.* 1735. The rules of evidence in relation to the competency of witnesses,

*Though a witness may from the face of the record appear prima facie interested he should not be rejected without enabling him to explain his situation by being questioned on his voir dire*

have, as it is well known, been considerably modified of late. The greatest difficulty in the administration of justice, is, to ascertain the truth in relation to the facts at issue. The knowledge of them is most frequently confined to a few: and an easy acquiesence in objections to their competency as witnesses, not unfrequently closes all the avenues by which truth can be reached. The inconvenience, on the other side, of receiving testimony from those who may have an interest, is not so great; for after they are heard, they are not necessarily to be believed.

· It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and it is further ordered and decreed, that this case be remanded to the said court, with directions to the judge not to refuse permission to the plaintiffs to question a witness offered by them on his *voir dire*, and not to reject as incompetent one of the original creditors, who may have ceased to have an interest in the estate of the insolvent, at the time he is offered as a witness: the appellee paying the costs of this appeal.